**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELINDA ROGERS,

    Plaintiff,

v.                                              Case No. 06-CV-14863-DT

EVANS SOLUTIONS, INC.,

    Defendant.

_____/

**ORDER OF DISMISSAL**

On November 9, 2006, the court issued an "Order to Show Cause" in the above-captioned case. In that order, the court directed Plaintiff to "show cause in writing, on or before November 29, 2006, why this case should not be dismissed for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)." (11/9/06 Order at 2 (emphases omitted).) On November 29, 2006, Plaintiff filed a letter in response to the court's November 9, 2006 order. Because Plaintiff's response failed to remedy her Rule 8(a) violation, the court will dismiss this case without prejudice.

Rule 8(a) provides that at a bare minimum a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. Proc. 8(a). The court's November 9, 2006 order stated that Plaintiff's complaint was deficient under this rule "because it fails to communicate the basis for her discrimination claims or otherwise demonstrate that she is entitled to relief." (11/9/06 Order at 2.)  Furthermore,

the order specifically directed Plaintiff "to indicate the grounds she believes she has for each claim." (*Id.*)

By alleging that she was terminated on August 1, 2005, Plaintiff's response does clarify that she suffered an adverse employment action.  This fact alone, however, does not show that she is entitled to relief.  Nowhere in Plaintiff's three-page single-spaced account does Plaintiff even suggest that Defendant Evans Solutions, Inc. ("ESI") terminated her on the basis of any protected classification.  Instead, Plaintiff herself intimates that her adverse employment action resulted from jealously others felt toward Plaintiff because she spoke with the owner of ESI "quite a bit," because she was "paid a small amount more than the secretaries at the schools were paid" and because of "the way [she] was hired into ESI."  (Pl.'s Resp. at 2-3.)  And while Plaintiff does check a box on her complaint indicating that she intends to pursue a claim for gender discrimination, and perhaps also disability discrimination, her response fails to allege that ESI terminated her because of her gender or perceived disability.  Because Plaintiff has still not demonstrated that she is entitled to relief, she has failed to show cause why this case should not be dismissed.  *See Benedict v. General Motors Corp.*, No. 87-3967, 1988 WL 103327 (6th Cir. Oct. 4, 1998) (finding that a complaint that simply claims disability discrimination, without alleging that the defendant's actions were taken because of the plaintiff's disability, was insufficient under Rule 8(a)(2)).  Accordingly,

IT IS ORDERED that Plaintiff's case is DISMISSED WITHOUT PREJUDICE.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522